# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | |
|---|---|
| Empire Industries Inc., | ) |
| Plaintiff, | ) |
| | ) Case No. 1:18-cv-00698 |
| v. | ) |
| | ) |
| Winslyn Industries, LLC, | ) **JURY DEMANDED** |
| Defendant, | ) |
| | ) |

## DEFENDANT'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

Defendant, Winslyn Industries, LLC ("Winslyn"), by and through its attorneys, Barnes & Thornburg LLP, hereby answers the Amended Complaint of Plaintiff, Empire Industries Inc. ("Empire" or "Plaintiff"), as follows:

## GENERAL DENIAL

Pursuant to Rule 8(b)(3) of the Federal Rules of Civil Procedure, Winslyn denies all allegations in Plaintiff's Amended Complaint except those specifically admitted below.

## BACKGROUND

1. Since 1976, Empire has been in the business of manufacturing and distributing high quality bathroom and kitchen products to developers, home builders, and individual retail purchasers. Among other products, Empire sells countertops, sinks, vanities, cabinets, mirrors, shower doors, and a variety of kitchen and bathroom accessories. While based in the Northeast, Empire is a leading national distributor of such products.

**ANSWER:** Winslyn lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1, and on that basis denies each and every allegation contained therein.

2. Defendant Winslyn Industries, LLC ("Winslyn") also is in the business of selling certain kitchen accessories, including kitchen sinks and oven fans. Based on Winslyn's website (https://www.winslyn.com/), Empire understands that Winslyn distributes such products on a national basis, including through Home Depot, Walmart, and Amazon.com.

**ANSWER:** Winslyn admits that it is in the business of selling certain kitchen accessories, including kitchen sinks and oven fans and that Winslyn distributes such products on a national basis, including through Home Depot, Walmart, and Amazon.com. Winslyn lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 2, and on that basis denies any and all remaining allegations contained therein.

3. In and following July, 2016, Empire entered into agreements with The Fireclay Factory LLC (of Fujairah, United Arab Emirates) and Niko (INT) Ltd (of the United Kingdom, hereinafter referred to, collectively with Fireclay Factory LLC, as "Fireclay") whereby Empire provided Fireclay with exclusive, proprietary designs for certain models of kitchen sinks and Fireclay agreed to produce these sinks for Empire on an exclusive basis.

**ANSWER:** Winslyn lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 3, and on that basis denies each and every allegation contained therein.

4. As is reflected in, and confirmed by, contemporary correspondence, Empire and Fireclay agreed to maintain this exclusive relationship for three years, running from March, 2017 through March 2020. Empire's expectation was that this contractual relationship would yield net profits to Empire of around $3 million per year.

**ANSWER:** Winslyn lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 4, and on that basis denies each and every allegation contained therein.

5. Not only has Fireclay defaulted on its obligations to deliver products to Empire, however, but Fireclay has instead entered into agreements to supply sinks based on Empire's proprietary design to Winslyn.

**ANSWER:** Winslyn lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 5, and on that basis denies each and every allegation contained therein.

6. Notwithstanding that Winslyn has been aware of Empire's exclusive contractual relationship with Fireclay since at least early December, 2017, and of its related business and economic expectations, and notwithstanding Empire's demands that Winslyn cease interfering with Empire's agreements and expectations, Winslyn has refused to cease importing and selling sinks based on Empire's exclusive designs, and continues to list sinks based on Empire's designs for sale on its website.

**ANSWER:** Winslyn denies the allegations contained in Paragraph 6.

7. On March 19, 2018, Empire learned that three containers of sinks based on Empire's design amounting to approximately 30,000 kilograms, or 30 metric tons of product were shipped by Fireclay to Winslyn.

**ANSWER:** Winslyn denies the allegations of Paragraph 7.

8. Empire brings this Amended Complaint seeking injunctive relief against Winslyn, as well as monetary damages.

**ANSWER:** Paragraph 8 requires no response, and Winslyn therefore denies each and every allegation contained therein. Winslyn specifically denies that Plaintiff is entitled to any relief from Winslyn.

## PARTIES

9. Plaintiff Empire Industries Inc. is New Jersey corporation with its principal [sic] Paterson, New Jersey.

**ANSWER:** Winslyn lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9, and on that basis denies each and every allegation contained therein.

10. Defendant Winslyn Industries, LLC is an Illinois limited liability company with its principal place of business in Bartlett, Illinois. On information and belief, Winslyn's manager and members are residents and citizens of Illinois.

**ANSWER:** Winslyn admits that Winslyn Industries, LLC is an Illinois limited liability company with its principal place of business in Bartlett, Illinois. Winslyn denies the remaining allegations of Paragraph 10.

## JURISDICTION AND VENUE

11. The Court has jurisdiction over this action pursuant to 28 U.S.C. §1332 because the matter in controversy exceeds the sum of $75,000, exclusive of costs and interest, and there is complete diversity of citizenship between the parties.

**ANSWER:** Admitted.

12. Pursuant to 28 U.S.C. §1391, venue is proper in this judicial district because a substantial portion of the events giving rise to the claims at issue occurred in this judicial district. Among other things, Winslyn:

    a. does business in this district,

    b. has acquired and distributed products interfering with Empire's relationship with Fireclay in this district; and

    c. on information and believe, has negotiated agreements giving rise to this dispute with representatives of Fireclay in person within this district.

**ANSWER:** Winslyn does not contest venue solely for purposes of this action. Winslyn denies that Winslyn has acquired and distributed products interfering with Empire's relationship with

Fireclay in this district. Winslyn denies that Winslyn has negotiated agreements giving rise to this dispute with representatives of Fireclay in person within this district. Winslyn denies any and all remaining allegations in Paragraph 12.

### COUNT I: TORTIOUS INTERFERENCE WITH CONTRACT

13. Empire incorporates paragraphs 1 through 12 as if fully set forth in this Count I.

**ANSWER:** Winslyn's responses to Paragraphs 1 through 12 are incorporated here as if fully set forth herein.

14. Empire has a valid and enforceable agreement with Fireclay whereby Fireclay has: (1) agreed to produce sinks pursuant to Empire's proprietary designs exclusively for Empire and (2) to supply sinks to Empire, manufactured by Fireclay, for at least for a period of three years.

**ANSWER:** Winslyn lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14, and on that basis denies each and every allegation contained therein.

15. Winslyn has been aware of the foregoing agreement and obligations since at least early December 2017, and has been informed of the agreement between Empire and Fireclay by both Empire itself and by communications between attorneys for Empire and Winslyn.

**ANSWER:** Winslyn denies the allegations of Paragraph 15.

16. Winslyn has interfered with the foregoing agreement by: (1) contracting for and acquiring sinks based on Empire's proprietary designs; (2) thereby inducing Fireclay to supply sinks to Winslyn in violation of Fireclay's contractual obligations to Empire; (3) falsely representing to Empire that the sinks produced by Fireclay were made pursuant to designs previously marketed by Winslyn; (4) contracting to sell sinks based on Empire's proprietary designs to third parties; and (5) refusing to repudiate these contracts.

**ANSWER:** Winslyn denies the allegations of Paragraph 16.

17. Empire has been damaged by Winslyn's conduct, and will continue to experience damages in the future, by virtue of: (1) Winslyn's marketing of sinks based on Empire's designs; (2) disruption of Empire's supply; (3) frustration of Empire's ability to obtain market share; (4) dilution of the value of Empire's proprietary designs; and (5) increased expenses associated with alternative supplies, all resulting in decreased sales, increased expenses, and reduced overall net profits that may exceed several million dollars a year for the foreseeable future.

**ANSWER:** Winslyn denies the allegations of Paragraph 17.

18. As a direct and proximate cause of Winslyn's tortious interference with Empire's agreement, Empire has suffered monetary dames in an amount presently unknown, but which exceeds $75,000.00, exclusive of costs and interest.

**ANSWER:** Winslyn denies the allegations of Paragraph 18.

19. As a direct and proximate cause of Winslyn's tortious interference with Empire's agreement, Empire has suffered and will continue to suffer an irreparable injury for which it has no adequate remedy at law.

**ANSWER:** Winslyn denies the allegations of Paragraph 19.

Wherefore, Plaintiff Empire Industries Inc. respectfully requests that this Court grant the following relief: (a) award temporary and thereafter permanent injunctive relief against Winslyn requiring that it stop utilizing Empire's proprietary sink designs; (b) award compensatory damages against Winslyn in an amount in excess of $75,000.00; and (c) award all other relief that this Court deems just and proper.

**ANSWER:** Winslyn denies that Plaintiff is entitled to any of the relief requested in the prayer or any other relief that might be requested.

## COUNT II: TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE

20. Empire incorporates paragraphs 1 through 19 as if fully set forth in this Count II.

**ANSWER:** Winslyn's responses to Paragraphs 1 through 19 are incorporated here as if fully set forth herein.

21. Empire has had a reasonable expectancy of a valid business relationship with Fireclay whereby Fireclay would: (1) produce sinks pursuant to Empire's proprietary designs exclusively for Empire and (2) supply sinks to Empire, manufactured by Fireclay, for at least for a period of three years.

**ANSWER:** Winslyn lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 21, and on that basis denies each and every allegation contained therein.

22. Winslyn has been aware of the foregoing expectations since at least early December 2017.

**ANSWER:** Winslyn denies the allegations of Paragraph 22.

23. Winslyn has interfered with Empire's expectations, and has done so without legal justification, by: (1) contracting for and acquiring sinks based on Empire's proprietary designs; (2) thereby inducing Fireclay to supply sinks to Winslyn in violation of Fireclay's contractual obligations to Empire; (3) falsely representing to Empire that the sinks produced by Fireclay were made pursuant to designs previously marketed by Winslyn; (4) contracting to sell sinks based on Empire's proprietary designs to third parties; and (5) refusing to repudiate these contracts.

**ANSWER:** Winslyn denies the allegations of Paragraph 23.

24. Empire has been damaged by Winslyn's conduct, and will continue to experience damages in the future, by virtue of: (1) Winslyn's marketing of sinks based on Empire's designs; (2) disruption of Empire's supply; (3) frustration of Empire's ability to obtain market share; (4) dilution of the value of Empire's proprietary designs; and (5) increased expenses associated with alternative supplies, all resulting in decreased sales, increased expenses, and reduced overall net profits that may exceed several million dollars a year for the foreseeable future.

**ANSWER:** Winslyn denies the allegations of Paragraph 24.

25. As a direct and proximate cause of Winslyn's tortious interference with Empire's prospective economic advantage, Empire has suffered monetary damages in an amount presently unknown, but which exceeds $75,000.00 exclusive of costs and interest.

**ANSWER:** Winslyn denies the allegations of Paragraph 25.

26. As a direct and proximate cause of Winslyn's tortious interference with Empire's prospective economic advantage, Empire has suffered and will continue to suffer irreparable injury for which it has no adequate remedy at law.

**ANSWER:** Winslyn denies the allegations of Paragraph 26.

Wherefore, Plaintiff Empire Industries, Inc. respectfully requests that this Court grant the following relief: (a) award temporary and thereafter permanent injunctive relief against Winslyn requiring that it stop utilizing Empire's proprietary sink designs; (b) award compensatory damages against Winslyn in an amount in excess of $75,000.00; and, (c) award all other relief that this Court deems just and proper.

**ANSWER:** Winslyn denies that Plaintiff is entitled to any of the relief requested in the prayer or other relief that might be requested.

## COUNT III: INJUNCTIVE RELIEF

27. Empire incorporates paragraphs 1 through 26 as if fully set forth in this Count III.

**ANSWER:** Winslyn's responses to Paragraphs 1 through 26 are incorporated here as if fully set forth herein.

28. Since the filing of the original complaint, and as set forth above (Paragraph 7), Empire has learned that Winslyn has received, or will receive shortly, three shipping containers from Fireclay, containing 30,000 kilograms, or 30 tons, of product. Empire estimates that this represents in excess of 600 individual sinks, the sale of which would irreparably harm Empire's interest, including by threatening Empire's market share and diluting the market for Empire's proprietary designs.

**ANSWER:** Winslyn's response to Paragraphs 7 is incorporated herein as if fully set forth herein. Winslyn admits that, since January 30, 2018, Fireclay has shipped three shipping containers from Fireclay to Winslyn, as consignee, containing approximately 30,000 kilograms of product in excess of 600 individual sinks. Winslyn denies the remaining allegations of Paragraph 28.

29. By reason of the foregoing, there is a genuine and demonstrated danger that: (i) Winslyn will continue to interfere with Empire's valid and enforceable agreement with Fireclay and (ii) Winslyn will continue to interfere with Empire's prospective economic advantage with Fireclay.

**ANSWER:** Winslyn denies the allegations of Paragraph 29.

30. Empire will continue to suffer immediate irreparable harm for which it has no adequate remedy at law until Winslyn is enjoined from engaging the foregoing wrongful conduct.

**ANSWER:** Winslyn denies the allegations of Paragraph 30.

Wherefore, Plaintiff Empire Industries Inc. respectfully requests that this Court grant the following relief: (a) aware temporary and thereafter permanent injunctive relief against Winslyn requiring that it stop utilizing Empire's proprietary sink designs and (b) award all other relief that this Court Deems just and proper.

**ANSWER:** Winslyn denies that Plaintiff is entitled to any of the relief requested in the prayer or any other relief that might be requested.

## PRAYER FOR RELIEF

WHEREFORE Winslyn requests that the Court enter judgment in favor of Winslyn and grant the following relief:

a) A judgment dismissing Plaintiff's Complaint against Winslyn with prejudice;

b) An award to Winslyn of its costs and expenses of litigation, including attorneys' fees and expert witness fees; and

c) Granting Winslyn such other and further relief as the Court deems just and proper.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense
### (Failure to State a claim)

Plaintiff has failed, in whole or in part, to state a claim upon which relief may be granted.

### Second Affirmative Defense
### (Waiver)

Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

### Third Affirmative Defense
### (Failure to Mitigate)

Plaintiff's claims are barred to the extent that Plaintiff failed to take reasonable care to avoid, minimize, or mitigate Plaintiff's alleged damages, if any.

### Fourth Affirmative Defense
### (Lawful Competition Privilege)

Defendant's acts and omissions are legal competition and thus no act or omission on the part of Defendant either caused or contributed to whatever injury (if any) Plaintiff may have suffered.

### Fifth Affirmative Defense
### (Federal Preemption)

Plaintiff's state law claims are preempted by federal law.

**Sixth Affirmative Defense**
**(Damages Not Attributable To Defendant)**

To the extent, if any, that Plaintiff has suffered damages, said damages were caused by third parties or by the conduct of Plaintiff and were not caused by Defendant.

**Seventh Affirmative Defense**
**(Injunction Not A Cause of Action)**

Count III, "Injunctive Relief," fails to state a claim, in that pursuant to Title VIII of the Federal Rules of Civil Procedure, an injunction is a "remedy" and not a cause of action.

**Reservation**

Defendant's investigation into the matters asserted in Plaintiff's Amended Complaint is in progress. Defendant, therefore, reserves the right to add those affirmative and other defenses that Defendant deems necessary to its defense during or upon the conclusion of discovery.

**JURY DEMAND**

Defendant hereby demands a trial by jury on all issues so triable.

Dated: April 12, 2018　　　　　Respectfully submitted,

BARNES & THORNBURG LLP

/s/ *Mark A. Hagedorn* .
Mark A. Hagedorn
ARDC No. 6257079
One North Wacker Drive, Suite 4400
Chicago, Illinois 60606
Telephone: (312) 357-1313
Facsimile: (312) 759-5646
mark.hagedorn@btlaw.com

Bruce H. Little
ARDC No. 6188924
225 South Sixth Street, Suite 2800
Minneapolis, Minnesota 55402
Telephone: (612) 367-8765
Facsimile: (612) 333-6798
bruce.little@btlaw.com

*Counsel for Winslyn Industries, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing has been served upon all counsel of record by filing with the Court's electronic case filing system on this 12th day of April, 2018.

/s/ Mark A. Hagedorn